## PEPSODENT CO. v. FERGUSSON.
### No. 4142.

District Court, D. New Jersey.
Dec. 31, 1930.

Backes & Backes, of Trenton, N. J., and Edward S. Rogers and Allen M. Reed, both of Chicago, Ill., for complainant.

Felix & Felix, of Philadelphia, Pa., for defendant.

AVIS, District Judge.

Plaintiff, the company manufacturing and marketing a tooth paste, known as "Pepsodent," files its bill of complaint against the defendant, alleging the defendant is manufacturing and selling a tooth paste which it calls "Milk of Magnesia Papsinated Tooth Paste," which plaintiff alleges is an infringement of its product because of the name used, the wording, coloring, and style of the package in which the product is marketed, and also the tube which contains the paste. Plaintiff prays for an injunction restraining the defendant, ultimately and during the pendency of this suit, generally from the use of the word "Papsinated," or any tube or carton, identical with or like the tube or carton in which plaintiff markets its product; or from doing any act or thing calculated to induce the belief that defendant's product is the product of the plaintiff; and also for an accounting.

The present motion is for a preliminary injunction pending the final disposition of the suit. The affidavits upon which the motion is made, and which are annexed to the bill of complaint, in my opinion, show in a prima facie way that the plaintiff has adopted and trade-marked the word it uses, and the containers in which it dispenses its product, and that the defendant is marketing a product to be used for the same purpose as "Pepsodent," although the paste itself is of a different color and has a different action. Plaintiff claims that the tube in which the paste is contained is so similar to the tube used by the Pepsodent Company as to deceive the purchasing public, and that the package or carton in which the tube is sold so closely resembles the package or carton which the plaintiff uses as to work a deception upon the purchasing public and be injurious to plaintiff in the conduct of its business.

The court has had the opportunity of examining the cartons used by both parties, plaintiff and defendant, and, although the word "Papsinated" is considerably different from the word "Pepsodent," yet the method of placing this word upon the outside of the carton is almost identical with the method used by the plaintiff on its cartons. Particularly is this so with relation to the scoring above and below the name. The scoring below the word "Papsinated" begins at the tail of the letter "p" which is the third letter of both words, and continues to the end of the word in the same way as used by plaintiff, and the scoring above the name ends at the letter "d" on the carton used by the defendant, as it does on the carton used by the plaintiff.

It is true that, when placed side by side, the color of the two packages is considerably unlike, but when seen separately the similarity is so great, in my opinion, that the purchasing public could be easily deceived.

I am satisfied that the defendant should be restrained during the pendency ·of the suit from marketing its product in the carton which it has heretofore used, and such restraint will be issued, although, at the present time and on the preliminary hearing with the facts submitted, I am not convinced that a pendente lite restraint should be issued with relation to the tube or product.